FILED
2020 Nov-10  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DAMIEN NEVETT, | ] |
| Plaintiff, | ] Case No_____ |
| | ]DEMAND FOR JURY TRIAL |
| **v.** | ] |
| | ] |
| COCA COLA BOTTLING UNITED, | ] |
| | ] |
| Defendant. | ] |

## **COMPLAINT**

### I. PRELIMINARY STATEMENT

1.      Plaintiff, DAMIEN NEVETT , brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981, and 1981A.; 42 U.S.C. 2000e-5(b), § 706 (e) of the Civil Rights Act of 1964 42 U.S.C. 2000e-5(e) as amended, and the 14th Amendment to the Constitution of The United States of America to remedy acts of employment discrimination and retaliation perpetrated against him by Defendant.  Plaintiff contends that Defendants discriminated against him by wrongfully terminating him from his position as a forklift operator for alleged misconduct that did not occur because of his race (Black), and retaliation (Prior EEO Activity EEOC # 420-2019-01236). Others outside his protected characteristics and who have no prior EEO activity were not terminated based on a single rebutted alleged act of misconduct.

### II. JURISDICTION

2.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(3) and 1343(4).  This is a suit instituted pursuant to Title VII of  the  Civil  Rights  Act  of 1964, as amended, 42 U.S.C. Section 2000e, et seq.; and 42 U.S.C. Sections 1981 and 1981A,

and; 42 U.S.C. 2000e-5(b) providing for injunctive and other relief against race discrimination, and retaliation and reprisal.

**III.    VENUE**

3.      Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. §7703(b)(2); as Plaintiff was employed by Defendants in this judicial district, Plaintiff's employment records are maintained by Defendants in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

**IV.    ADMINISTRATIVE EXHAUSTION**

4.      Plaintiff filed a timely charge of discrimination (420-2020-00283) on or about November 1, 2019, charging discrimination based on race, and retaliation for prior protected activity by filing a charge of discrimination against the Defendant (See Exhibit "A" attached hereto).

5.      Plaintiff received a Notice of Right to Sue from the EEOC regarding his claims less than ninety (90) days prior to filing her Complaint (see Exhibit "B" attached hereto).

**V.    PARTIES**

6.      Plaintiff DAMIEN NEVETT is an African-American male, a citizen of the United States of America and a resident of Bessemer, Alabama. At all times relevant to this suit Mr. Nevett was employed by Coca Cola Bottling United located at 4600 East Lake Boulevard Tarrant, Alabama 35217 during all times relevant to this complaint.

7.      Defendant Coca Cola Bottling United employs more than fifteen (15) employees.

8.      Defendant Coca Cola Bottling United and its agents and or supervisors on the dates and times complained of and currently doing business in Jefferson County, Alabama.

2

9.     At all times relevant to the instant complaint, Douglas Spivey was a manager or agent, supervisor, decision and or policy maker for Coca Cola Bottling United.

10.     At all times relevant to the instant complaint, Derrick was a manager or agent, supervisor, decision and or policy maker for Coca Cola Bottling United.

**VI.     STATEMENT OF FACTS**

11.     Plaintiff Nevett was hired as a Forklift Operator on or about December 15, 2015.

12.     During all times relevant to this complaint Nevett was an exemplary employee with no prior disciplinary actions.

13.     Plaintiff filed an EEOC complaint against the Company alleging discrimination for denying him a promotion to "Leadman" at the facility and giving it to a white male Chris (LNU) without announcing the position for competitive fulfillment as is company policy, EEOC No. 420-2019-01236 (See Exhibit "C" attached hereto).

14.     On or about October 14, 2019 Plaintiff spoke top fellow employee Jacques Conners about having to fill in and do a job that was Conner's responsibility when other coworkers were unable to locate Conners to do his own work.

15.     Conners responded to Plaintiff Nevett by threatening him with bodily harm which Conners had also done to other coworkers in the past.

16.     Plaintiff responded by advising Conners that he would defend himself and nothing more.

17.     The verbal exchange was witnessed by 2nd shift supervisor Derrick Young and 3rd shift supervisor David (LNU) neither of whom spoke out or attempted to intervene at the time of the occurrence.

18.     At the end of the verbal exchange between Nevett and Conners supervisor Young summoned Conners into his office but did not summon Nevett.

19.     Plaintiff Nevett then returned to his normal duties for that day.

20.     The next day October 15, 2019 Plaintiff Nevett clocked in for duty as normal.

21.     Nevett was then instructed to clock back out and leave the premises by 1st shift supervisor Desmond Ward and the reason given at that time was the verbal encounter with Conners the previous day.

22.     Plaintiff Nevett was informed at that time he could write a statement if he wanted about the facts of the previous day.

23.     After completing and submitting his statement of facts to supervisor Ward, Nevett was walked out of the building by Ward and told the situation was under investigation.

24.     On or about October 16, 2019 Plaintiff received a phone call from the company that was participated in by Douglas Beau Spivey, Desmond Ward, and Derrick Young all supervisors and or managers for Coca Cola United the Defendant.

25.     On that same phone call Derrick Young told Plaintiff Nevett he was being terminated from Coca Cola United for misconduct.

26.     Coca Cola United had an employee handbook in place at the time of Plaintiff's Termination which included but was not limited to articulation of a graduated disciplinary process.

27.     That disciplinary process called for oral counseling and or a written warning before disciplinary action could be instituted against an employee like Plaintiff.

28.     That same set of policies rules and regulations for Coca Cola United in place at all times relevant to this complaint required other corrective steps to be instituted upon an alleged

4

first offense in a case like Plaintiffs and precluded termination for this type of alleged first offense.

29.     There are others outside of Plaintiff's protected characteristics and or who have not engaged in prior protected EEOC activity like the Plaintiff Nevett, who committed the same or similar act alleged to have been committed by the Plaintiff, but they were not illegally terminated like the Plaintiff especially considering his lack of a prior disciplinary history .

## VII.     FIRST CLAIM FOR RELIEF

## TITLE VII - RACIAL DISCRIMINATION COCA COLA BOTTLING UNITED

30.     The foregoing paragraphs 1-29 are re-alleged and incorporated by reference as if fully set out herein.

31.     This is a suit for racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1991, for employment discrimination based on race.

32.     Defendant Coca Cola Bottling United intentionally discriminated against plaintiff because of his race, in violation of Title VII when it terminated his employment based on a on a single alleged and unproven minor violation of company policies and or rules of conduct,  while retaining others in that same position or comparable ones who were and are were outside his protected characteristics, and or had no previous protected EEO activity like the Plaintiff.

33.     Defendant Coca Cola Bottling United did not terminate other employees for a first offense the same or similar to the one alleged against Nevett despite verified evidence of their misconduct, retaining them in positions the same or comparable to that of Nevett's because they were outside his protected characteristics, and or had no previous protected EEO activity like the Plaintiff..

34.     Defendant's conduct described above terminating Nevett was pretext for racial discrimination and violative of Title VII of the Civil Rights Act as amended.

35.     Defendant Cocoa Cola Bottling United intentionally discriminated against plaintiff because of his race in violation of Title VII as amended, by terminating his employment based solely on unproven allegations of misconduct during all times relevant to this complaint.

36.      Thus, Defendant has discriminated against Plaintiff in the terms and conditions of Plaintiff's employment because of Plaintiff's race in violation of the Civil Rights Acts of 1964 and 1991as amended.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.      Placement in the position(s) in which he would have worked absent defendant Coca Cola Bottling United's discriminatory treatment or Front   Pay;

b.      Back Pay;

c.      Pre-judgment interest;

`       d.      Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

e.      Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

f.      Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of TITLE VII or to which he may be entitled.

## VIII.   SECOND CLAIM FOR RELIEF

## TITLE VII RETALIATION COCA COLA BOTTLING UNITED   42 USC § 2000E-3(a),

## 42 USCS §§ 2000e–2000e-17

**(Retaliation and Reprisal)**

37.     The foregoing paragraphs 1-29 are re-alleged and incorporated by reference as if fully set out herein.

38.     It was following Plaintiff's complaining to is his supervisors regarding his non-selection for a position he was qualified for in May of 2019 and the filing of his previous EEOC complaint for discrimination that he was terminated without just cause by Coca Cola Bottling United as alleged above.

39.     On or about October 16, 2019 Plaintiff was terminated by the Defendant Coca Cola Bottling United based on an allegation of arguing with another employee.

40.     In June or July of 2019 Antonio Casey and Jacques Conners were engaged in a verbal disagreement.

41.     During the course of that argument Conner threatened Casey with physical violence, "beat him up".

42.     Supervisor Derrick Young witnessed the entire incident and did not intervene or take any subsequent action against Conner or Casey.

43.     On or about August 7, 2019 forklift operator Conner threatened another employee Jememial (LNU) with violence, "slap" him during the second shift warehouse staff meeting.

44.     Supervisor Young and District Manager Spivey were both in the meeting but no one from management intervened or confronted Conner or

45.    After the meeting Conners again confronted Jememial and physically pushed Jememial in his chest while again threatening to beat Jememial right there on the spot.

46.    Conner was then physically restrained by other employees to stop the assault by Conner on Jememial from getting any worse.

47.    Despite the severity of the assault of Jememial by Conner with management as witnesses Conner was not terminated for this additional act of threats and violence in the workplace.

48.    Defendant Coca Cola did not discipline Conner at all after this second violent outburst which included physical assault.

49.    Plaintiff was terminated on or about October 16, 2019 based solely on the first offense of an alleged argument involving Conners.

50.    The Defendants' conduct as alleged above constitutes retaliation and reprisal against Plaintiff because he engaged in what was ongoing prior EEO activities protected by Title VII of the Civil Rights Act.

51.    Plaintiff has been denied his protected property right in his continued employment and enjoyment of his right to equal employment opportunity by Coca Cola Bottling and management, because of his, race, and prior protected activity.

52.    Defendant ignored its own rules and regulations regarding its policy of graduated discipline which preclude termination for first offenses even when valid.

53.    Defendant Coca Cola United and manager Douglas Spivey intentionally retaliated against plaintiff because of his prior protected activity of filing an EEOC claim of Discrimination against the Defendants for violating Title VII when they denied him equal consideration for

promotion to Leadman in May of 2019 again in violation of Title VII of the Civil Rights Act as amended.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

a.   Placement in the position(s) in which he would have worked

absent defendant Coca Cola Bottling United's discriminatory treatment or

Front   Pay;

b.   Back Pay;

c.   Pre-judgment interest;

`          d.   Attorneys' fees; Costs; Plaintiff is entitled to an award of attorney fees and

costs under Title VII, 42 U.S.C. §2000e-5(k).

e.   Compensatory damages for loss of wages, loss of benefits,

including, but not limited to, retirement and pension benefits,

mental anguish, emotional distress, and embarrassment, both past

and future; and

f.   Such other legal or equitable relief, including injunctive relief, as

may be appropriate to effectuate the purposes of TITLE VII or to

which he may be entitled.

### IX. Damages

54. The foregoing paragraphs 1-29 are re-alleged and incorporated by reference as if fully set out herein.

55. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

    a.    Plaintiff was denied a promotion, equal opportunities for advancement and continued employment in violation of his rights based on his race, and prior protected activity.

    b.    Plaintiff has been subjected to loss of status and respect amongst his peers and in the community at large, embarrassment and public and private ridicule.

    c.    Plaintiff suffered loss of his pension and or retirement benefits and any increases and career advancement he would have earned because of being denied promotion(s) and eventual termination.

    d.    Plaintiff suffered mental anguish and emotional distress in the form of insomnia, and anxiety, and the lowering of his standing in the eyes of his peers and the community in general.

    f.    Plaintiff suffered physical illness in the form of a general decline in health, anxiety and depression.

56. The foregoing paragraphs 1-29 are re-alleged and incorporated by reference as if fully set out herein.

57. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 USC § 2000E-3(a), 42 USCS §§ 2000e–2000e-17. For these reasons, plaintiff asks for judgment against defendant for the following:

    a.    An Order enjoining the defendants from any further discrimination, harassment, disparate treatment, retaliation and reprisal against the Plaintiff now and in the future, and granting any all equitable relief including affirmative action as is required for equity and justice, § 2000e-5(g),

    b.    Reasonable attorney fees and expenses.

    c.    Costs of suit.

    d.    Compensatory and Punitive Damages

    e.    Any and All other relief the court deems appropriate.

## X.   PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court provide relief as follows:

1.      Declaring that the Defendant Coca Cola Bottling United and its agents maintained and continue to maintain at the Coca Cola United, a policy and practice of race, discrimination and retaliation by managers and supervisors against Plaintiff and other employees because of their protected characteristics under the law.

2.      Directing Coca Cola United by appropriate injunctive orders to eliminate such policies and practices.

3.      Directing Coca Cola United to take specific corrective action for the discrimination, disparate treatment and retaliation in the past.

4.      Awarding Plaintiff back pay, including lost wages, benefits and bonuses, and seniority, front pay, back pay plus interest, reinstatement, relocation, and compensation for loss of future income in lieu of relocation into the position Plaintiff would have held in the absence of discrimination and retaliation, and whatever compensatory and punitive damages this Court finds due and owed to Plaintiff.

5.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees, and expenses incurred by this litigation.

## XI.    JURY DEMAND

Plaintiff hereby demands trial by struck jury.

Respectfully submitted,

DAMIEN NEVETT
Plaintiff

11

S/Tyrone Townsend
Tyrone Townsend
Attorney for Plaintiff

DEFENDANTS ADDRESS

Coca Cola Bottling United
4600 Eat Lake Blvd.
Tarrant, Alabama 35217